**No. 25-11043**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

# APPELLEE SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

---


JEFFERY A. BERGER
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

Appellee Securities and Exchange Commission moved to dismiss appellant Timothy Barton's appeal from an interlocutory district court order lifting the stay of certain receivership-related bankruptcy cases because this Court lacks jurisdiction. In opposition, Barton argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1292(a)(2), and the collateral-order doctrine. His arguments are without merit, and this appeal should be dismissed.

First, Section 1292(a)(1)'s grant of appellate jurisdiction for review of certain injunctive orders does not provide jurisdiction for receivership-related interlocutory orders. "That Congress passed a statute specifically governing appeals from orders relevant to receivership indicates that such orders are distinct from the injunctions covered by [Section 1292(a)(1)]." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987); *see also*, *e.g., SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes."); *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in

§ 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

Second, Section 1292(a)(2) does not provide jurisdiction for this appeal because it is limited to "orders appointing receivers" and orders "refusing . . . to take steps to accomplish the purposes [of winding up receiverships]." 28 U.S.C. § 1292(a)(2); *see SEC v. Barton*, 135 F.4th 206, 223-24 (discussing the scope of Section 1292(a)(2); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-34 (5th Cir. 2015) (same). The appealed-from order did not appoint a receiver. And given that there has been no order to wind down the receivership, the appealed-from order is not a refusal to comply with such an order.

Third, the collateral-order doctrine does not provide jurisdiction for this appeal because this Court has already determined that the doctrine's receivership-related jurisdiction is generally limited to appeals from (1) "a district court's approval of a receiver's distribution plan" and (2) "[a] district court's order[] approving [a] property sale[]." *Barton*, 135 F.4th at 225. And even if Barton's argument were not foreclosed, his request to extend the collateral-order doctrine to reach

orders lifting the stay of receivership-related bankruptcy cases should be rejected; among other things, such orders are not conclusive because litigants can seek relief before the bankruptcy court. *See generally Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

Respectfully submitted,

JEFFREY A. BERGER
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

December 29, 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on December 29, 2025, I electronically filed the foregoing reply with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

I further certify that on the same date I caused the foregoing reply to be served on appellant Timothy Barton via email (timothy.barton@proton.me) and U.S. mail (1846 E. Rosemeade Parkway Unit 232, Carrollton, Texas 75007).

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*<u>/s/ Ezekiel L. Hill</u>*
Ezekiel L. Hill

Dated: December 29, 2025

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 415 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 29, 2025