**No. 25-11043**

# In the
# United States Court of Appeals for the Fifth Circuit

**SECURITIES AND EXCHANGE COMMISSION,**

*Plaintiff-Appellee,*

**v.**

**TIMOTHY BARTON,**

*Defendant-Appellant*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-cv-02118-X

## APPELLANT'S RESPONSE TO APPELLEE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS

**Timothy L. Barton**
*Pro Se Appellant*
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

# **Certificate of Interested Persons**

*Securities and Exchange Commission*
*Plaintiff-Appellee,*

*v.*

*Timothy Barton,*
*Defendant-Appellant*

No. 25-11043

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;

2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary Injunction;

4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;

5. 2999TC Acquisitions, LLC, receivership entity;

6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction;

7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;

8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;

10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;

11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;

12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;

13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;

14. 2999TC MM, LLC, entity subject to preliminary injunction;

15. 2999TC MZ, LLC (Delaware), entity subject to

preliminary injunction;

16. 3820 Illinois, LLC, interested party;
17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;
18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;
19. Aledo TX, LLC, receivership entity;
20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;
21. AVG West, LLC, receivership entity;
22. Badgley, Serena, interested party;
23. Bank of America, N.A., interested party;
24. Barton, Maximilien, interested party;
25. Barton, Timothy, defendant-appellant;
26. Barton Texas Water District, LLC, entity subject to

preliminary injunction;

27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;
28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;
29. BEE2019, LLC, receivership entity;
30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;
31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;
32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;
33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;
34. BM318 LLC, receivership entity;

35. Broadview Holdings Trust, receivership entity;
36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;
37. BSJ Trading, LLC, entity subject to preliminary injunction;
38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;
39. BUILD VIOLET, LLC, entity subject to preliminary injunction;
40. Butler Snow LLP, counsel for interested party Louisiana National Bank;
41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;
42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;
43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;
44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary

injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;
57. Crow, Daniel, interested party;
58. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;
59. CYNKFP, LLC, entity subject to preliminary injunction;
60. D4AT, LLC, entity subject to preliminary injunction;
61. D4AVEG, LLC, entity subject to preliminary injunction;
62. D4BM, LLC, entity subject to preliminary injunction;
63. D4BR, LLC (Texas), entity subject to preliminary injunction;
64. D4DS LLC, receivership entity;

65. D4FR LLC, receivership entity;

66. D4IN, LLC (Texas), receivership entity;

67. D4KL LLC, receivership entity;

68. D4MC, LLC (Texas), receivership entity;

69. D4OP, LLC, receivership entity;

70. D4OPM, LLC, entity subject to preliminary injunction;

71. D4SMC, LLC, entity subject to preliminary injunction;

72. D4WP, LLC, entity subject to preliminary injunction;

73. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;

74. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction;

75. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

76. Dentons US LLP, counsel for interested party McCormick 101, LLC;

77. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

78. DJD Land Partners, LLC, relief defendant and receivership entity;

79. DLP Real Estate Capital, Inc., interested party;

80. DLP Winter Haven Ventures, LLC, interested party;

81. Edney, Michael J., counsel for defendant-appellant Timothy Barton;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission;

85. First Development Company of Ohio, LLC, interested party;

86. Five Star GM, LLC (Delaware), entity subject to preliminary injunction;

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

91. Fu, Haoqiang, defendant;

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

93. Gillespie Villas LLC, receivership entity;

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

96. Goldmark Hospitality LLC, receivership entity;

97. Green, Gordon W., counsel for interested party Truist

Bank;

98. Hale, Hon. Harlin, mediator;

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

101. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

103. HNGH Turtle Creek, LLC, interested party;

104. Hopper, James F., counsel for receiver Cortney C. Thomas;

105. HR Sterling, LLC, receivership entity;

106. Hunter, Renee M., counsel for intervenor United States of America;

107. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton;
108. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction;
109. JB Special Asset, LLC, entity subject to preliminary injunction;
110. JMJ Acquisitions LLC, receivership entity;
111. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;
112. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;
113. JMJ BLUES TX, LLC, entity subject to preliminary injunction;
114. JMJ Blues, LLC, entity subject to preliminary injunction;
115. JMJ Centre, LLC, entity subject to preliminary injunction;
116. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;
117. JMJ Development Fund, entity subject to preliminary

injunction;

118. JMJ Development Fund, Inc, entity subject to preliminary injunction;

119. JMJ Development LLC, receivership entity;

120. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

121. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

122. JMJ Holdings, LLC, entity subject to preliminary injunction;

123. JMJ Holdings US, LLC, entity subject to preliminary injunction;

124. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

125. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

126. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

127. JMJ Hospitality, LLC, receivership entity;

128. JMJ Hospitality UAE, entity subject to preliminary injunction;

129. JMJ Investments Limited, entity subject to preliminary injunction;

130. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

131. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

132. JMJ Land Venture, LLC, entity subject to preliminary injunction;

133. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

134. JMJ MF Development, LLC, entity subject to preliminary injunction;

135. JMJ Multifamily, Inc (Nevada), entity subject to

preliminary injunction;

136. JMJ Offshore, LTD, entity subject to preliminary injunction;

137. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

138. JMJ Residential, LLC, entity subject to preliminary injunction;

139. JMJ Valley Center, LLC, entity subject to preliminary injunction;

140. JMJ VC Management, LLC, receivership entity;

141. JMJAV, LLC, receivership entity;

142. JMJ148, LLC (Texas), entity subject to preliminary injunction;

143. JMJD4, LLC, entity subject to preliminary injunction;

144. JMJD4, LLC (Delaware), receivership entity;

145. JMJD4Allensville, LLC, entity subject to preliminary injunction;

146. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

147. JMJKH, LLC, entity subject to preliminary injunction;

148. JMR100 LLC, receivership entity;

149. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

150. Johnston, Kenneth C., counsel for interested party Truist Bank;

151. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

152. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

153. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

154. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022

Investments, LLC, and Venus59 LLC;

155. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

156. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

157. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

158. LaJolla Construction Management LLC, receivership entity;

159. LC Aledo TX, LLC, receivership entity;

160. LDG001, LLC, relief defendant and receivership entity;

161. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

162. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

163. Louisiana National Bank, interested party;

164. Lumar Land & Cattle, LLC, interested party;

165. Lynco Ventures, LLC, receivership entity;

166. Lynn Investments, LLC, entity subject to preliminary injunction;

167. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

168. Marine Creek SP, LLC, receivership entity;

169. Marine Creek Ventures, LLC, interested party;

170. McCormick 101, LLC, interested party;

171. MCFW, LLC, entity subject to preliminary injunction;

172. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

173. MF Container, LLC (Delaware), entity subject to preliminary injunction;

174. MFO Venus Development, LLC, interested party;

175. Middlebury Trust, entity subject to preliminary injunction;

176. MMCYN, LLC, entity subject to preliminary injunction;

177. MO 2999TC, LLC, receivership entity;

178. Moeller, Evan A., counsel for interested party Bank of America, N.A.

179. Moss & Associates, LLC, interested party;

180. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

181. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

182. MV9490 Management, LLC, entity subject to preliminary injunction;

183. MV9490, LLC, entity subject to preliminary injunction;

184. MXBA, LLC, entity subject to preliminary injunction;

185. MXBA Managed, LLC, entity subject to preliminary injunction;

186. MXBA Services, LLC, entity subject to preliminary injunction;

187. Napoli, Michael D., counsel for interested parties DLP

Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

188. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;
189. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;
190. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;
191. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;
192. Northstar PM, LLC (Delaware), receivership entity;
193. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;
194. O’Connell, Sean B., counsel for defendant-appellant

Timothy Barton;

195. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;

196. One Agent, LLC (Delaware), entity subject to preliminary injunction;

197. ONE FHC, LLC (Texas), entity subject to preliminary injunction;

198. One MF Residential, LLC, entity subject to preliminary injunction;

199. One MFD4, LLC, entity subject to preliminary injunction;

200. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;

201. One RL Trust, entity subject to preliminary injunction;

202. One SF Residential, LLC, entity subject to preliminary injunction;

203. Orchard Farms Ventures, LLC, interested party;

204. Orchard Farms Village LLC, receivership entity;

205. Palisades-TC, LLC, interested party;

206. Patton, Jonathan R., counsel for interested party

Palisades-TC, LLC;

207. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

208. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

209. Pioneer Finance, Inc., interested party;

210. Polsinelli PC, counsel for interested party McCormick 101, LLC;

211. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

212. Ramolia, Dhiraj, interested party;

213. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

214. Residential MF Assets, LLC (Delaware), entity

subject to preliminary injunction;

215. Rhino Stainless US, LLC, entity subject to preliminary injunction;

216. Ridgeview Addition, LLC (Texas), receivership entity;

217. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

222. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

223. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

224. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

225. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

226. Scott, John B., counsel for interested party Pioneer Finance, Inc.;

227. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;

228. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;

229. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;

230. Seagoville Farms, LLC, receivership entity;

231. Securities and Exchange Commission, plaintiff-appellee;

232. SF Rock Creek, LLC, receivership entity;

233. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;

234. Shamoun, C. Gregory, counsel for interested party

Southern Properties Capital, Ltd.;

235. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;

236. SK Carnegie, LLC, entity subject to preliminary injunction;

237. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

238. Somerset-Lost Creek Golf, Ltd., interested party;

239. Southern Properties Capital, Ltd., interested party;

240. Southern Star Capital, LLC, interested party;

241. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

242. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

243. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

244. Sosland, Martin A., counsel for interested party Louisiana National Bank;

245. STL Park, LLC (Delaware), entity subject to preliminary injunction;

246. Tamamoi, LLC, interested party;

247. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

248. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

249. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

250. TC Hall, LLC, receivership entity;

251. Texas Republic Bank, N.A., interested party;

252. The Dixon Water Foundation, interested party;

253. The MXBA Trust, entity subject to preliminary injunction;

254. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

255. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

256. Thomas, Cortney C., receiver;

257. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

258. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

259. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

260. TLB 2012 IRR Trust, entity subject to preliminary injunction;

261. TLB 2018 Trust, entity subject to preliminary injunction;

262. TLB 2019 Trust, entity subject to preliminary injunction;

263. TLB 2020 Trust, entity subject to preliminary injunction;

264. TRTX Properties LLC, entity subject to preliminary injunction;

265. Truist Bank, interested party;

266. TRWF LODGE, LLC, entity subject to preliminary injunction;

267. TRWF, LLC, entity subject to preliminary injunction;

268. United States of America, intervenor;

269. Venus59 LLC, receivership entity;

270. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

271. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

272. Vertical Street Ventures, LLC, interested party;

273. Villita Development, LLC, receivership entity;

274. Villita Towers LLC, receivership entity;

275. Wall, Stephen T., defendant;

276. Wall007, LLC, defendant and receivership entity;

277. Wall009, LLC, defendant and receivership entity;

278. Wall010, LLC, defendant and receivership entity;

279. Wall011, LLC, defendant and receivership entity;

280. Wall012, LLC, defendant and receivership entity;

281. Wall016, LLC, defendant and receivership entity;

282. Wall017, LLC, defendant and receivership entity;

283. Wall018, LLC, defendant and receivership entity;

284. Wall019, LLC, defendant and receivership entity;

285. Wells, Tim, counsel for receiver Cortney C. Thomas;

286. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

287. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

288. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Appellant directly or indirectly controls, (2) Co-lenders in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/Timothy L. Barton*
Timothy L. Barton
Pro Se Appellant
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me
Date: December 22, 2025

# I. JURISDICTIONAL STATEMENT

This appeal arises from the district court's July 28, 2025 order in SEC v. Barton. ROA.19227-28, which: (1) modified the receivership stay, and (2) authorized the receiver to return to bankruptcy court to seek dismissal of the Chapter 11 cases[1].

Appellate jurisdiction exists under:

1. 28 U.S.C. § 1292(a)(1) because the order modifies an existing injunction embedded in the receivership order by lifting a stay and authorizing litigation that materially changes the parties' rights;
2. 28 U.S.C. § 1292(a)(2) because the order decides consequential "steps" toward winding up the receivership and reallocates authority between bankruptcy and receivership; and

[1] *The lead bankruptcy case is In re Wall007, LLC, Case No. 22-41049, pending in the U.S. Bankruptcy Court for the Eastern District of Texas. It is jointly administered with the following cases in the U.S. Bankruptcy Court for the Eastern District of Texas: (1) In re Wall009, LLC, Case No. 22-41113; (2) In re Wall010, LLC, Case No. 22-41125; (3) In re Wall011, LLC, Case No. 22-41114; (4) In re Wall012, LLC, Case No. 22-41125; (5) In re Wall016, LLC, Case No. 22-41136; (6) In re Wall017, LLC, Case No. 22-41137; (7) In re Wall018, LLC, Case No. 22-41176; (8) In re Wall019, LLC, Case No. 22-41177; and (9) In re Seagoville Farms, LLC, Case No. 22-41181 (collectively the "Bankruptcy Cases").*

3. the collateral-order doctrine, because the order conclusively determines the federal forum—bankruptcy or receivership—in which estate administration will occur, and the loss of the bankruptcy forum is effectively unreviewable after final judgment[2].

The notice of appeal was timely filed on September 9, 2025. ROA.19373-74.

## II. ISSUES PRESENTED

1. Whether the district court's order, which modifies the receivership injunction by lifting the stay to allow the receiver to dismiss a federal bankruptcy case, is appealable under 28 U.S.C. § 1292(a)(1).
2. Whether that same order falls within 28 U.S.C. § 1292(a)(2) as a decision governing significant "steps" in the administration and winding up of a receivership.

[2] *See 28 U.S.C. § 1292(a)(1), (a)(2)*

3. Whether the order qualifies as an appealable collateral order under *Cohen* [3] because it conclusively determines the availability of the bankruptcy forum—an issue separate from the merits and effectively unreviewable later.

## III. STATEMENT OF THE CASE

The SEC initiated a civil enforcement action and obtained a broad equity receivership. ROA.18978-19005. The receivership order imposed a sweeping stay, including over bankruptcy proceedings, unless the district court expressly permitted action.

Separately, several receivership entities filed Chapter 11 petitions[4]. The receiver later sought permission from the district court to return to bankruptcy court and seek dismissal of all ten pending cases. ROA.18969-73. The district court granted that request on July 28, 2025, lifting the stay solely to permit the receiver to pursue dismissal of those Chapter 11 cases. ROA.19227-28.

---

[3] *Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47 (1949)*
[4] *In re Wall007, LLC, Case No. 22-41049, pending in the U.S. Bankruptcy Court for the Eastern District of Texas.*

The order thus cleared the way for terminating the bankruptcy process, eliminating the protections of the automatic stay, the debtor-in-possession's rights, the plan process, and the oversight of the U.S. Trustee.

Barton appealed. ROA.19373-74. The SEC now seeks dismissal on the premise that the order is a nonappealable "administrative" step "in the course of the receivership." *App Dkt 15.*

## IV. SUMMARY OF THE ARGUMENT

The district court's order is not a routine receivership housekeeping measure. It is a substantive, injunctive modification with immediate and irreversible consequences: it authorizes the receiver to terminate a pending Chapter 11 case and thereby eliminate the bankruptcy protections Congress created for distressed debtors and creditors.

First, under § 1292(a)(1), the order modifies the operative injunction contained in the receivership order by changing who is

bound by the stay and what federal litigation may proceed. This alone confers appellate jurisdiction.

Second, § 1292(a)(2) independently applies because the order determines a consequential "step" in the receiver's wind-up strategy—choosing receivership over bankruptcy as the venue for estate administration. This is not the trivial "administrative" order described in *Netsphere*[5].

Third, the *collateral-order doctrine* applies because the order conclusively determines whether Barton and creditors retain access to the bankruptcy forum[6]. Once the receiver secures dismissal, nothing done in a later appeal can restore the lost Chapter 11 rights.

## V. ARGUMENT

### A. The Order Is Appealable Under 28 U.S.C. § 1292(a)(1) Because It Modifies Injunctive Relief

The receivership order is an injunction. It stays litigation, restricts creditor actions, and centralizes control of property in the receiver.

[5] See Netsphere, Inc. v. Baron, 799 F.3d 327, 332–33 (5th Cir. 2015)
[6] See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47 (1949).

The July 28, 2025 order ROA.19227-28 modifies that injunction by authorizing action that was previously prohibited: the receiver's pursuit of dismissal in the bankruptcy court. An order that expands, narrows, or alters an injunction is appealable under § 1292(a)(1). The practical effect of this modification is profound: it removes the bankruptcy court as a viable forum and destroys statutory protections—the automatic stay, plan confirmation rights, oversight by the U.S. Trustee, and the debtor's ability to reorganize.

Under well-established doctrine, such a substantive change to an injunction is immediately appealable[7].

**B. The Order Falls Within 28 U.S.C. § 1292(a)(2)'s Receivership Provision**

Section 1292(a)(2) covers not only the appointment of a receiver but also orders "refusing … to take steps to accomplish the purposes" of winding up a receivership. Decisions authorizing or prohibiting pivotal steps, such as sales or dispositions of property, fall within that language.

---

[7] *See 28 U.S.C. § 1292(a)(1); SEC v. Barton, 135 F.4th at 214–18.*

Here, the district court decided a core structural step in the receivership's administration: whether estate administration will proceed in bankruptcy court or solely under the receiver's control. This is not a "routine" interim decision such as administrative scheduling order. *Netsphere* warned against appeals from trivial incremental orders—not from orders determining the forum and mechanism for final estate disposition[8].

The SEC's narrow reading of § 1292(a)(2) contradicts the statutory text and this Court's own receivership jurisprudence.

**C. The Collateral-Order Doctrine Independently Confers Jurisdiction**

Under *Cohen*, an order is appealable if it: (1) conclusively determines the disputed question; (2) resolves an important issue separate from the merits; and (3) would be effectively unreviewable on appeal from final judgment[9]. All three factors are met.

---

[8] *See Netsphere, 799 F.3d at 332–33.*
[9] *Cohen, 337 U.S. at 546–47.*

First, the order is conclusive. It finally determines whether the receiver may pursue dismissal of the bankruptcy cases. Once that dismissal occurs, reinstatement is practically impossible.

Second, the issue is separate. The question concerns the allocation of authority between bankruptcy courts (operating under Title 11) and the district court's receivership—not the merits of the SEC enforcement action.

Third, the harm is irreparable if review is delayed. The loss of the bankruptcy forum, once executed, cannot be undone. This Court cannot unscramble the egg, years later.

This Court has repeatedly applied the collateral-order doctrine in the receivership context. See *SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 330–31 (5th Cir. 2001)*; is directly on point: receivership orders that irreversibly determine the treatment of estate assets are collateral.

## VI. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court deny the SEC's Motion to Dismiss and permit this appeal to proceed.

Respectfully Submitted.

*/s/Timothy L. Barton*
Timothy L. Barton
Pro Se Appellant
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me
Date: December 22, 2025

## CERTIFICATE OF COMPLIANCE

This filing complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.
This document contains approximately 1,256 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f). words, excluding the parts of the document exempted by Fed. R. App. P. 32(f). This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2).

*/s/Timothy L. Barton*
Timothy L. Barton

## CERTIFICATE OF SERVICE

I certify that on this 22 day of December 2025, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send notice of such filing to all counsel of record who are registered CM/ECF users.

*/s/Timothy L. Barton*
Timothy L. Barton