**No. 25-11043**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-2118-X

---

# BRIEF OF APPELLEE SECURITIES AND EXCHANGE COMMISSION

---

J. RUSSELL MCGRANAHAN
*General Counsel*

JEFFREY A. BERGER
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

## CERTIFICATE OF INTERESTED PERSONS

*Securities and Exchange Commission v. Timothy Barton*,
No. 25-11043

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;
2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;
3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary injunction;
4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;
5. 2999TC Acquisitions, LLC, receivership entity;
6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction;
7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;
8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;

10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;

11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;

12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;

13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;

14. 2999TC MM, LLC, entity subject to preliminary injunction;

15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction;

16. 3820 Illinois, LLC, interested party;

17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;

19. Aledo TX, LLC, receivership entity;

20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;

21. AVG West, LLC, receivership entity;

22. Badgley, Serena, interested party;

23. Bank of America, N.A., interested party;

24. Barton, Maximilien, interested party;

25. Barton, Timothy, defendant-appellant;

26. Barton Texas Water District, LLC, entity subject to preliminary injunction;

27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;

28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

29. BEE2019, LLC, receivership entity;

30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;

31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;

32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;

34. BM318 LLC, receivership entity;

35. Broadview Holdings Trust, receivership entity;

36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;

37. BSJ Trading, LLC, entity subject to preliminary injunction;

38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;

39. BUILD VIOLET, LLC, entity subject to preliminary injunction;

40. Butler Snow LLP, counsel for interested party Louisiana National Bank;

41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;

42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;

43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;

44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

57. Cox, Sarah Melissa, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

58. Crow, Daniel, interested party;

59. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

60. CYNKFP, LLC, entity subject to preliminary injunction;

61. D4AT, LLC, entity subject to preliminary injunction;

62. D4AVEG, LLC, entity subject to preliminary injunction;

63. D4BM, LLC, entity subject to preliminary injunction;

64. D4BR, LLC (Texas), entity subject to preliminary injunction;

65. D4DS LLC, receivership entity;

66. D4FR LLC, receivership entity;

67. D4IN, LLC (Texas), receivership entity;

68. D4KL LLC, receivership entity;

69. D4MC, LLC (Texas), receivership entity;

70. D4OP, LLC, receivership entity;

71. D4OPM, LLC, entity subject to preliminary injunction;

72. D4SMC, LLC, entity subject to preliminary injunction;

73. D4WP, LLC, entity subject to preliminary injunction;

74. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;

75. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction;

76. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

77. Dentons US LLP, counsel for interested party McCormick 101, LLC;

78. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

79. DJD Land Partners, LLC, relief defendant and receivership entity;

80. DLP Real Estate Capital, Inc., interested party;

81. DLP Winter Haven Ventures, LLC, interested party;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. First Development Company of Ohio, LLC, interested party;

85. Five Star GM, LLC (Delaware), entity subject to preliminary injunction;

86. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

87. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

88. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

89. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

90. Fu, Haoqiang, defendant;

91. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

92. Gillespie Villas LLC, receivership entity;

93. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

94. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

95. Goldmark Hospitality LLC, receivership entity;

96. Green, Gordon W., counsel for interested party Truist Bank;

97. Hale, Hon. Harlin, mediator;

98. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

99. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

100. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

101. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

102. HNGH Turtle Creek, LLC, interested party;

103. Hopper, James F., counsel for receiver Cortney C. Thomas;

104. HR Sterling, LLC, receivership entity;

105. Hunter, Renee M., counsel for intervenor United States of America;

106. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction;

107. JB Special Asset, LLC, entity subject to preliminary injunction;

108. JMJ Acquisitions LLC, receivership entity;

109. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;

110. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;

111. JMJ BLUES TX, LLC, entity subject to preliminary injunction;

112. JMJ Blues, LLC, entity subject to preliminary injunction;

113. JMJ Centre, LLC, entity subject to preliminary injunction;

114. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;

115. JMJ Development Fund, entity subject to preliminary injunction;

116. JMJ Development Fund, Inc, entity subject to preliminary injunction;

117. JMJ Development LLC, receivership entity;

118. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

119. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

120. JMJ Holdings, LLC, entity subject to preliminary injunction;

121. JMJ Holdings US, LLC, entity subject to preliminary injunction;

122. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

123. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

124. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

125. JMJ Hospitality, LLC, receivership entity;

126. JMJ Hospitality UAE, entity subject to preliminary injunction;

127. JMJ Investments Limited, entity subject to preliminary injunction;

128. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

129. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

130. JMJ Land Venture, LLC, entity subject to preliminary injunction;

131. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

132. JMJ MF Development, LLC, entity subject to preliminary injunction;

133. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction;

134. JMJ Offshore, LTD, entity subject to preliminary injunction;

135. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

136. JMJ Residential, LLC, entity subject to preliminary injunction;

137. JMJ Valley Center, LLC, entity subject to preliminary injunction;

138. JMJ VC Management, LLC, receivership entity;

139. JMJAV, LLC, receivership entity;

140. JMJ148, LLC (Texas), entity subject to preliminary injunction;

141. JMJD4, LLC, entity subject to preliminary injunction;

142. JMJD4, LLC (Delaware), receivership entity;

143. JMJD4Allensville, LLC, entity subject to preliminary injunction;

144. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

145. JMJKH, LLC, entity subject to preliminary injunction;

146. JMR100 LLC, receivership entity;

147. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

148. Johnston, Kenneth C., counsel for interested party Truist Bank;

149. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

150. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

151. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

152. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

153. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

154. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

155. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

156. LaJolla Construction Management LLC, receivership entity;

157. LC Aledo TX, LLC, receivership entity;

158. LDG001, LLC, relief defendant and receivership entity;

159. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

160. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

161. Louisiana National Bank, interested party;

162. Lumar Land & Cattle, LLC, interested party;

163. Lynco Ventures, LLC, receivership entity;

164. Lynn Investments, LLC, entity subject to preliminary injunction;

165. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

166. Marine Creek SP, LLC, receivership entity;

167. Marine Creek Ventures, LLC, interested party;

168. McCormick 101, LLC, interested party;

169. MCFW, LLC, entity subject to preliminary injunction;

170. McGranahan, J. Russell, counsel for plaintiff-appellee Securities and Exchange Commission;

171. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

172. MF Container, LLC (Delaware), entity subject to preliminary injunction;

173. MFO Venus Development, LLC, interested party;

174. Middlebury Trust, entity subject to preliminary injunction;

175. MMCYN, LLC, entity subject to preliminary injunction;

176. MO 2999TC, LLC, receivership entity;

177. Moeller, Evan A., counsel for interested party Bank of America, N.A.

178. Moss & Associates, LLC, interested party;

179. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

180. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

181. MV9490 Management, LLC, entity subject to preliminary injunction;

182. MV9490, LLC, entity subject to preliminary injunction;

183. MXBA, LLC, entity subject to preliminary injunction;

184. MXBA Managed, LLC, entity subject to preliminary injunction;

185. MXBA Services, LLC, entity subject to preliminary injunction;

186. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

187. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;

188. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;

189. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;

190. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;

191. Northstar PM, LLC (Delaware), receivership entity;

192. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan

Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

193. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;

194. One Agent, LLC (Delaware), entity subject to preliminary injunction;

195. ONE FHC, LLC (Texas), entity subject to preliminary injunction;

196. One MF Residential, LLC, entity subject to preliminary injunction;

197. One MFD4, LLC, entity subject to preliminary injunction;

198. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;

199. One RL Trust, entity subject to preliminary injunction;

200. One SF Residential, LLC, entity subject to preliminary injunction;

201. Orchard Farms Ventures, LLC, interested party;

202. Orchard Farms Village LLC, receivership entity;

203. Palisades-TC, LLC, interested party;

204. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC;

205. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

206. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

207. Pioneer Finance, Inc., interested party;

208. Polsinelli PC, counsel for interested party McCormick 101, LLC;

209. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

210. Ramolia, Dhiraj, interested party;

211. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

212. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction;

213. Rhino Stainless US, LLC, entity subject to preliminary injunction;

214. Ridgeview Addition, LLC (Texas), receivership entity;

215. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

216. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

217. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

222. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

223. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

224. Scott, John B., counsel for interested party Pioneer Finance, Inc.;

225. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;

226. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;

227. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;

228. Seagoville Farms, LLC, receivership entity;

229. Securities and Exchange Commission, plaintiff-appellee;

230. SF Rock Creek, LLC, receivership entity;

231. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;

232. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.;

233. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;

234. SK Carnegie, LLC, entity subject to preliminary injunction;

235. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

236. Somerset-Lost Creek Golf, Ltd., interested party;

237. Southern Properties Capital, Ltd., interested party;

238. Southern Star Capital, LLC, interested party;

239. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

240. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

241. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

242. Sosland, Martin A., counsel for interested party Louisiana National Bank;

243. STL Park, LLC (Delaware), entity subject to preliminary injunction;

244. Tamamoi, LLC, interested party;

245. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

246. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

247. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

248. TC Hall, LLC, receivership entity;

249. Texas Republic Bank, N.A., interested party;

250. The Dixon Water Foundation, interested party;

251. The MXBA Trust, entity subject to preliminary injunction;

252. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

253. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

254. Thomas, Cortney C., receiver;

255. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

256. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

257. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

258. TLB 2012 IRR Trust, entity subject to preliminary injunction;

259. TLB 2018 Trust, entity subject to preliminary injunction;

260. TLB 2019 Trust, entity subject to preliminary injunction;

261. TLB 2020 Trust, entity subject to preliminary injunction;

262. TRTX Properties LLC, entity subject to preliminary injunction;

263. Truist Bank, interested party;

264. TRWF LODGE, LLC, entity subject to preliminary injunction;

265. TRWF, LLC, entity subject to preliminary injunction;

266. United States of America, intervenor;

267. Venus59 LLC, receivership entity;

268. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

269. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

270. Vertical Street Ventures, LLC, interested party;

271. Villita Development, LLC, receivership entity;

272. Villita Towers LLC, receivership entity;

273. Wall, Stephen T., defendant;

274. Wall007, LLC, defendant and receivership entity;

275. Wall009, LLC, defendant and receivership entity;

276. Wall010, LLC, defendant and receivership entity;

277. Wall011, LLC, defendant and receivership entity;

278. Wall012, LLC, defendant and receivership entity;

279. Wall016, LLC, defendant and receivership entity;

280. Wall017, LLC, defendant and receivership entity;

281. Wall018, LLC, defendant and receivership entity;

282. Wall019, LLC, defendant and receivership entity;

283. Wells, Tim, counsel for receiver Cortney C. Thomas;

284. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

285. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

286. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Timothy Barton directly or indirectly controls, (2) investors in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill
*Attorney of Record for Appellee Securities and Exchange Commission*

## STATEMENT REGARDING ORAL ARGUMENT

The Securities and Exchange Commission believes that oral argument is unnecessary for this Court's consideration of this appeal because the issues presented are controlled by settled law and adequately presented in the briefs and the record.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ i

STATEMENT REGARDING ORAL ARGUMENT .............................. xxi

TABLE OF CONTENTS ................................................................ xxii

TABLE OF AUTHORITIES ............................................................ xxiv

COUNTERSTATEMENT OF JURISDICTION ........................................ 1

COUNTERSTATEMENT OF THE ISSUES ............................................ 1

COUNTERSTATEMENT OF THE CASE ................................................ 2

A. After the Commission filed this action against Barton, the district court appointed a receiver ................................ 2

B. The receivership order stayed the bankruptcy cases of receivership entities ........................................................ 4

C. The district court lifted the stay to permit the bankruptcy court to consider dismissing the bankruptcy cases ........................................................ 7

D. The bankruptcy court dismissed the bankruptcy cases .... 9

STANDARD OF REVIEW ................................................................ 10

SUMMARY OF ARGUMENT ........................................................... 10

ARGUMENT ..................................................................................... 11

I. This Court lacks jurisdiction over Barton's interlocutory appeal from the order lifting the stay of the bankruptcy cases ................ 11

A. There is no jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1292(a)(2), or the collateral-order doctrine ..... 12

B. Mootness presents a separate and independent jurisdictional barrier ..... 17

II. Barton forfeited any challenge to the order lifting the stay of the bankruptcy cases ..... 18

III. The district court did not abuse its discretion in lifting the stay of the bankrpcty cases ..... 19

CONCLUSION ..... 25

CERTIFICATE OF SERVICE AND FILING

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## Cases

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) .......... 17, 18

*Art Midwest, Inc. v. Clapper*,
805 F.3d 611 (5th Cir. 2015) .......... 21

*Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*,
120 U.S. 141 (1887) .......... 24

*Dresser v. Ohio Hempery Inc.*,
122 F. App'x 749 (5th Cir. 2004) .......... 15

*Geo Grp., Inc. v. Menocal*,
No. 24-758, 2026 WL 513536 (U.S. Feb. 25, 2026) .......... 14, 15

*In re Deepwater Horizon*,
793 F.3d 479 (5th Cir. 2015) .......... 16

*In re MCorp Financial*,
137 B.R. 219 (Bankr. S.D. Tex. 1992) .......... 22

*In re Saffady*,
524 F.3d 799 (6th Cir. 2008) .......... 12

*Martin v. Halliburton*,
618 F.3d 476 (5th Cir. 2010) .......... 12

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009) .......... 14, 16, 17

*Musacchio v. United States,*
577 U.S. 237 (2016) .......... 14

*Navigators Ins. Co. v. Moncla Marine Operations, L.L.C.*,
567 F. App'x 258 (5th Cir. 2014) ........ 15

*Plaintiff A v. Schair*,
744 F.3d 1247 (11th Cir. 2014) ........ 16

*Porretto v. City of Galveston Park Bd. of Trs.*,
113 F.4th 469 (5th Cir. 2024) ........ 22

*Porter* v. *Sabin*,
149 U.S. 473 (1893) ........ 24

*Rishmague v. Winter*,
616 F. App'x 138 (5th Cir. 2015) ........ 10, 16

*Schauss v. Metals Depository Corp.*,
757 F.2d 649 (5th Cir. 1985) ........ 20

*SEC v. Barton,*
79 F.4th 573 (5th Cir. 2023) ........ 4, 5

*SEC v. Barton*,
135 F.4th 206 (5th Cir. 2025) ........ 4, 10, 13, 14, 17, 21

*SEC v. Barton*,
No. 25-11044 (5th Cir.) (Jan. 21, 2026) ........ 13

*SEC v. Byers*,
609 F.3d 87, 91 (2d Cir. 2010) ........ 20, 22

*SEC v. Complete Bus. Sols. Grp., Inc.*,
44 F.4th 1326 (11th Cir. 2022) ........ 12, 13

*SEC v. Elliott*,
953 F.2d 1560 (11th Cir. 1992) ........ 24

*SEC v. First Financial Group of Texas,*
645 F.2d 429 (5th Cir. 1981) ........ 21

*SEC v. Stanford Int'l Bank, Ltd.*,
927 F.3d 830 (5th Cir. 2019) ........ 10

*SEC v. Stanford Int'l Bank, Ltd.*,
424 F. App'x 338 (5th Cir. 2011) ........ 20

*SEC v. Tyler*,
No. 02-cv-282, 2002 WL 32538418 (N.D. Tex. Feb. 21, 2002) ........ 21

*United States v. Heredia-Holguin*,
823 F.3d 337 (5th Cir. 2016) ........ 17

*United States v. M/Y Galactica Star*,
13 F.4th 448 (5th Cir. 2021) ........ 19

*U.S. Navy SEALs 1-26 v. Biden*,
72 F.4th 666 (5th Cir. 2023) ........ 18

*Warren v. Bergeron*,
831 F.2d 101 (5th Cir. 1987) ........ 12

*Zacarias v. Stanford Int'l Bank, Ltd.*,
945 F.3d 883 (5th Cir. 2019) ........ 20

**Statutes and Rules**

11 U.S.C. § 362 ........ 21

11 U.S.C. § 362(b)(4) ........ 21, 22

Securities Act of 1933 (15 U.S.C. §§ 77a *et seq.*)

Section 17(a), 15 U.S.C. § 77q(a) ........ 3

Section 20(b), 15 U.S.C. § 77t(b) ........ 1

Section 20(d), 15 U.S.C. § 77t(d) ........ 1

Section 22(a), 15 U.S.C. § 77v(a) .......... 1

Securities Exchange Act of 1934 (15 U.S.C. §§ 78a *et seq*.)

Section 10(b), 15 U.S.C. § 78j(b) .......... 3

Section 21(d), 15 U.S.C. § 78u(d) .......... 1

Section 21(e), 15 U.S.C. § 78u(e) .......... 1

Section 27, 15 U.S.C. § 78aa .......... 1

Rule 10b-5, 17 C.F.R. § 240.10b-5 .......... 3

28 U.S.C. § 158(a) .......... 15

28 U.S.C. § 1292(a)(1) .......... 10, 11, 12

28 U.S.C. § 1292(a)(2) .......... 10, 11, 12, 13, 16, 17

28 U.S.C. § 1334(e)(1) .......... 22

## COUNTERSTATEMENT OF JURISDICTION

The district court had jurisdiction over this Securities and Exchange Commission civil law enforcement action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d), 77v(a), and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), 78u(e), 78aa. ROA.82. The district court issued an order on July 28, 2025 that lifted a stay that it had previously placed on the bankruptcy cases filed by entities included in a receivership established by the district court. ROA.19227-28. On September 9, 2025, appellant Timothy Barton timely appealed from that order. ROA.19373-74. This Court lacks jurisdiction over Barton's interlocutory appeal for the reasons explained below. *See infra* 11-19.

## COUNTERSTATEMENT OF THE ISSUES

The district court's receivership order stayed all civil litigation involving receivership entities, including the bankruptcy cases filed by receivership entities. The district court subsequently lifted its stay of those bankruptcy cases to permit the bankruptcy court to determine whether they should be dismissed. The issues presented are:

1. Whether this Court lacks jurisdiction over this interlocutory appeal from the district court's order lifting its stay of the bankruptcy cases, which were subsequently dismissed by the bankruptcy court.

2. If this Court has jurisdiction, whether Barton forfeited any challenge to the district court's order lifting its stay.

3. If this Court has jurisdiction and Barton has not forfeited any challenge, whether the district court properly exercised its discretion in lifting its stay.

## COUNTERSTATEMENT OF THE CASE

### A. After the Commission filed this action against Barton, the district court appointed a receiver.

On September 23, 2022, the Commission filed a complaint against Barton and others, alleging that they defrauded more than 100 investors out of more than $26 million. ROA.80-108. As alleged in the complaint, Barton told investors that funds they invested in the Wall LLCs[1] would be pooled and used to purchase specified parcels of land that would be developed into residential lots. Barton promised

[1] The Wall LLCs are defendants Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC. ROA.84.

investors that they would receive interest payments, along with repayment of their principal. But Barton did not purchase the properties or make the promised payments. Instead, he misappropriated nearly all the invested funds and used them to pay for, among other things, his lifestyle and other real estate projects in which entities under his control held interests.

The complaint alleges that Barton violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a). ROA.102, 103-04. The Commission seeks, among other things, an order enjoining Barton from further violating those provisions and requiring him to disgorge his ill-gotten gains and to pay a civil penalty. ROA.106-07; *see also United States v. Barton*, No. 22-cr-00352 (N.D. Tex.) (related criminal case).

At the Commission's request, the district court established a receivership over all Barton-controlled entities in order to marshal and preserve their assets. ROA.660-84. This Court vacated that receivership order, concluding that the district court had applied the wrong legal test in deciding whether a receivership was warranted and

had erred by including entities in the receivership without finding that they received or benefited from funds traced to Barton's alleged securities fraud. *SEC v. Barton,* 79 F.4th 573 (5th Cir. 2023) (*Barton I*).

On remand, the district court established a new receivership over entities that it found had received or benefitted from funds traced to Barton's alleged securities fraud. ROA.14786-839. This Court affirmed that receivership order. *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025) (*Barton II*), *cert. petition pending*, No. 25-465 (U.S. Sup. Ct. Oct. 14, 2025).

### B. The receivership order stayed the bankruptcy cases of receivership entities.

In the weeks before the Commission filed its complaint, ten limited liability companies controlled by Barton—the nine Wall LLCs and Seagoville Farms, LLC, each of which undisputedly received investor funds (*see* ROA.14796-98)—filed Chapter 11 bankruptcy petitions. *See* ROA.1285-86.[2] After the Commission filed its complaint,

---

[2] The bankruptcy cases were *In re Wall007, LLC*, No. 22-41049 (Bankr. E.D. Tex.); *In re Wall009, LLC*, No. 22-41113 (Bankr. E.D. Tex.); *In re Wall010, LLC*, No. 22-41125 (Bankr. E.D. Tex.); *In re Wall011, LLC*, No. 22-41114 (Bankr. E.D. Tex.); *In re Wall012, LLC*, No. 22-41135 (Bankr. E.D. Tex.); *In re Wall016, LLC*, No. 22-41136 (Bankr. E.D. Tex.); *In re Wall017, LLC*, No. 22-41137 (Bankr. E.D. Tex.); *In re*

the U.S. Trustee moved for the bankruptcy cases to be dismissed or converted to Chapter 7 or, in the alternative, for a Chapter 11 trustee to be appointed to provide an independent evaluation of whether the cases should continue in Chapter 11. *In re Wall007, LLC*, No. 22-41049, Dkt. 33 (Bankr. E.D. Tex. Oct. 13, 2022). The U.S. Trustee argued that dismissal or conversion to Chapter 7 was warranted because, among other reasons, the Wall LLCs and Seagoville Farms had failed to provide information requested by the U.S. Trustee, had no ongoing business, and had no reasonable likelihood of rehabilitating their financial affairs. *See id.*

Five days after the U.S. Trustee moved for dismissal, the district court issued the first receivership order, which appointed a receiver over the Wall LLCs and Seagoville Farms (as well as other entities). *See* ROA.661; *see also* ROA.1242. When the district court issued the current receivership order following this Court's decision in *Barton I*, the Wall LLCs and Seagoville Farms were again included in the receivership. ROA.14816-17; *see also* ROA.14796-98.

---

*Wall018, LLC*, No. 22-41176 (Bankr. E.D. Tex.); *In re Wall019, LLC*, No. 22-41177 (Bankr. E.D. Tex.); and *In re Seagoville Farms, LLC*, No. 22-41181 (Bankr. E.D. Tex.).

The current receivership order provides for the stay of the bankruptcy cases (and is identical to the first receivership order in that respect). It includes a stay of "[a]ll civil legal proceedings of any nature . . . involving . . . any of the Receivership Entities," "including . . . bankruptcy proceedings." ROA.14830-31; *see* ROA.675-76. And the order empowers the receiver to "manage" the bankruptcy cases of receivership entities. ROA.14834-35; *see* ROA.679-80. In addition, the order tasks the receiver with "report[ing] to [the district court] as to whether the [Wall LLCs' bankruptcy cases] should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership." ROA.14834; *see* ROA.679.

Following his appointment, the receiver informed the district court about the status of the Wall LLCs' bankruptcy cases. ROA.1285-86. He reported that, prior to his appointment, counsel for the debtors and the U.S. Trustee had "agreed that the bankruptcy filings should be dismissed." ROA.1286. The receiver explained his understanding that because the main purpose of those bankruptcy cases was to "identify all investors in the Wall [LLCs]," they were now "unnecessary" given that "one of the central purposes of the claims

process in the Receivership [was] to identify investors in the Wall [LLCs]." ROA.1286. Accordingly, the receiver stated, he would "likely concede to the lifting of the stay in the Wall [LLCs'] bankruptcy cases to permit their agreed dismissal." ROA.1286; *see also* ROA.3284, 7290, 10086, 13890, 15216, 15584, 17419, 17688, 18755, 19304.

### C. The district court lifted the stay to permit the bankruptcy court to consider dismissing the bankruptcy cases.

In June 2025, the receiver asked the district court to lift the stay of the bankruptcy cases "for the limited purpose of allowing the Bankruptcy Court to consider the U.S. Trustee's pending pre-receivership motion to dismiss those cases." ROA.18969-73; *see* ROA.18970-71 (the receiver explaining that he had not requested such relief sooner in light of Barton's appeals from the receivership orders). The receiver explained that "[i]t [wa]s appropriate to lift the stay to allow the Bankruptcy Court to consider the Motion to Dismiss[] because the Receiver ha[d] determined that the Bankruptcy Cases should be dismissed." ROA.18971. The receiver explained that "[t]he Motion to Dismiss provide[d] several justifiable grounds to dismiss the Bankruptcy Cases 'for cause' under the Bankruptcy Code that existed

prior to the creation of [the] receivership" and "because of the receivership, there [wa]s no need for the Bankruptcy Cases." ROA.18971. The receiver also expressed his concern that "if the Bankruptcy Cases proceed[ed], the Receiver would incur unnecessary fees to the receivership estate to participate in the Bankruptcy Cases." ROA.18971. And the receiver noted that the bankruptcy court had "indicated . . . its strong desire to rule on the Motion to Dismiss." ROA.18971-72.

Barton did not file an opposition to the receiver's motion. *See* ROA.74-75. On July 28, 2025, the district court granted the receiver's motion, lifting the stay of the bankruptcy cases "for the limited purpose of allowing the bankruptcy court to consider [the U.S. Trustee's motion to dismiss]" and providing that "[p]ursuant to the Receivership Order, the Receiver may take all steps that he deems appropriate and necessary to effectuate the dismissal of the Bankruptcy Cases." ROA.19227-28. Barton timely appealed from that order. ROA.19373-74.

### D. The bankruptcy court dismissed the bankruptcy cases.

After the receiver notified the bankruptcy court that the stay had been lifted, Barton filed a motion asking the bankruptcy court to "hold in administrative abeyance for 90 days any hearings or rulings that would effectuate dismissal/[]conversion or equivalent case-dispositive relief premised on the [lifting of the stay], to permit pursuit of stay relief in the [district court] and, if needed, the Fifth Circuit." *In re Wall007, LLC*, No. 22-41049, Dkt. 40 (Bankr. E.D. Tex. Sept. 24, 2025). But Barton, who was not a party to the bankruptcy cases, did not request a stay from the district court or this Court.

On October 1, 2025, the bankruptcy court issued an agreed order granting the U.S. Trustee's motion to dismiss. *In re Wall007, LLC*, No. 22-41049, Dkt. 41 (Bankr. E.D. Tex. Oct. 1, 2025). Five days later, Barton filed a motion asking the bankruptcy court to reinstate the cases. *In re Wall007, LLC*, No. 22-41049, Dkt. 43 (Bankr. E.D. Tex. Oct. 6, 2025). The bankruptcy court dismissed the motion without prejudice because it did not comply with multiple provisions of the bankruptcy court's rules. *In re Wall007, LLC*, No. 22-41049, Dkt. 44 (Bankr. E.D. Tex. Oct. 21, 2025). Barton made no subsequent filings in the

bankruptcy cases and did not appeal from the bankruptcy court's dismissal order.

## STANDARD OF REVIEW

"It is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *Barton II*, 135 F.4th at 225 (cleaned up). Thus, when properly before a court of appeals, "[a] district court's . . . actions in supervising an equity receivership[ are] reviewed for abuse of discretion." *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 839 (5th Cir. 2019); *see, e.g.*, *Rishmague v. Winter*, 616 F. App'x 138, 139-40 (5th Cir. 2015) (reviewing a district court's decision refusing to lift a receivership-related litigation stay for abuse of discretion).

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction over this appeal. Barton cites 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1292(a)(2), and the collateral-order doctrine, but none provides jurisdiction for an interlocutory appeal from an order lifting a litigation stay that a district court imposed as part of a receivership order. In addition, this appeal is moot because following

the lifting of the stay, the bankruptcy court dismissed the bankruptcy cases.

There is an additional threshold problem with this appeal. Even if this Court has jurisdiction, Barton forfeited any challenge to the order lifting the litigation stay because he did not oppose the receiver's motion seeking to have the stay lifted.

Finally, even if a lack of jurisdiction and forfeiture did not preclude this Court from reviewing the challenged order, the district court did not abuse its discretion in lifting the litigation stay.

## ARGUMENT

### I. This Court lacks jurisdiction over Barton's interlocutory appeal from the order lifting the stay of the bankruptcy cases.

Barton argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1292(a)(2), and the collateral-order doctrine. Br. 1-2. None provides jurisdiction for this interlocutory appeal. Moreover, mootness presents a separate and independent jurisdictional obstacle because following the lifting of the stay, the bankruptcy court dismissed the bankruptcy cases. Barton has thus

failed to "bear [his] burden of establishing [this Court's] appellate jurisdiction." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

### A. There is no jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), 28 U.S.C. § 1292(a)(2), or the collateral-order doctrine.

1. There is no jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because its grant of appellate jurisdiction for review of certain injunctive orders does not extend to receivership-related orders. "That Congress passed a statute specifically governing appeals from orders relevant to receivership"—28 U.S.C. § 1292(a)(2)—"indicates that such orders are distinct from the injunctions covered by the prior subsection." *Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987). The existence of a separate appellate statute for receiverships reflects "Congress['s] . . . desire to treat orders relevant to receiverships differently than orders relevant to injunctions." *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008); *see also, e.g., SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes.").

2. Nor does 28 U.S.C. § 1292(a)(2) aid Barton. Its grant of appellate jurisdiction is limited to "interlocutory appeals . . . for orders appointing receivers or orders refusing to take steps to accomplish the purposes of winding up receiverships." *Barton II*, 135 F.4th at 223 (cleaned up); *see* 28 U.S.C. § 1292(a)(2). In lifting the stay imposed by the receivership order, the district court did not appoint a receiver or refuse to take steps to wind up the receivership. Rather, the district court acted to supervise the existing receivership. Such "administrative receivership orders" are not subject to Section 1292(a)(2) jurisdiction. *Barton II*, 135 F.4th at 224. As the Eleventh Circuit has held, Section 1292(a)(2) does not provide jurisdiction over appeals from "mid-stream orders entered in the normal course of receivership proceedings." *Complete Bus. Sols.*, 44 F.4th at 1331; *see also SEC v. Barton*, No. 25-11044 (5th Cir. Jan. 21, 2026) (dismissing an appeal from a district court order awarding the receiver fees for lack of jurisdiction).

3. Lastly, there is no jurisdiction pursuant to the collateral-order doctrine. This Court has already determined that the doctrine's receivership-related application is generally limited to appeals from (1) "a district court's approval of a receiver's distribution plan" and (2) "[a]

district court's order[] approving [a] property sale[]." *Barton II*, 135 F.4th at 224-25. The appealed-from order is neither. *See Musacchio v. United States,* 577 U.S. 237, 244–45 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (cleaned up). And even if *Barton II* did not foreclose Barton's argument, his request to extend the collateral-order doctrine to reach orders lifting receivership-related litigation stays should be rejected anew.

"[The] collateral order doctrine . . . is narrow, stringent, and of modest scope." *Geo Grp., Inc. v. Menocal*, No. 24-758, 2026 WL 513536, at *4 (U.S. Feb. 25, 2026) (cleaned up). That is because "[p]ermitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (cleaned up).

One of the "non-negotiable conditions" of collateral-order doctrine jurisdiction is that the appealed-from order "conclusively determine[d]

the disputed question." *Geo Grp.*, 2026 WL 513536, at *4 (cleaned up). "Failure on [that] component . . . is fatal," as it is here. *Id.* In lifting the stay, the district court merely permitted the bankruptcy court to proceed to consider dismissal of the bankruptcy cases. *See supra* 7-10. The subsequent dismissal by the bankruptcy court was subject to review by the district court, and, in turn, a district court decision would be subject to review by this Court. *See* 28 U.S.C. § 158(a). The appealed-from order therefore did not "conclusively answer[] any question except whether the stay would be lifted at that time." *Navigators Ins. Co. v. Moncla Marine Operations, L.L.C.*, 567 F. App'x 258, 261 (5th Cir. 2014); *see Dresser v. Ohio Hempery Inc.*, 122 F. App'x 749, 754 (5th Cir. 2004) (concluding that an order staying district court proceedings pending resolution of an administrative proceeding did not conclusively determine any disputed question because "[a]ny decision by the ALJ will ultimately be reviewable in a federal district court and presumably in a federal appellate court as well").

Moreover, the Supreme Court's admonition about broadening the collateral-order doctrine and its concern about piecemeal appeals is particularly acute with respect to orders lifting receivership-related

litigation stays. Whether the collateral-order doctrine reaches an order is not an "individualized jurisdictional inquiry." *Mohawk Indus.*, 558 U.S. at 107 (cleaned up). Rather, the collateral-order doctrine is a "blunt, categorical instrument," and the "focus is on the entire category to which a claim belongs." *Id.* at 107, 112 (cleaned up). Litigation stays are a common feature of receivership orders and permitting appeals from all orders lifting such stays would impinge on a district court's oversite and consume receivership estate resources. *See Rishmague*, 616 F. App'x at 139-40; *see also infra* 20-21. Thus, for this class of orders, "[t]he limited benefits of such unrestricted access to the appellate court are outweighed by the attendant systemic disruption and institutional cost." *In re Deepwater Horizon*, 793 F.3d 479, 489 (5th Cir. 2015); *see also Plaintiff A v. Schair*, 744 F.3d 1247, 1255 (11th Cir. 2014) (concluding, with respect to sex-trafficking related litigation, that "[p]ermitting parties to undertake successive, piecemeal appeals every time a . . . stay is lifted would unduly delay the resolution of district court civil litigation").

Finally, Congress has spoken in this area. In Section 1292(a)(2), Congress specified a limited class of receivership-related rulings that

are eligible for interlocutory appeal. *See supra* 13; *see Barton II*, 135 F.4th at 223-24 (discussing the scope of Section 1292(a)(2)). And, more generally, Congress has "designat[ed] rulemaking, not expansion by court decision, as the preferred means for determining whether and when prejudgment orders should be immediately appealable." *Mohawk*, 558 U.S. at 113 (cleaned up). Barton provides no reason to disregard the Supreme Court's warning against unwarranted judicial expansion of the collateral-order doctrine's reach.

### B. Mootness presents a separate and independent jurisdictional barrier.

Regardless of whether there is appellate jurisdiction by virtue of statute or the collateral-order doctrine, there is a separate and independent jurisdictional problem: this appeal should be dismissed because it is moot. "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy," a requirement that "subsists through all stages of federal judicial proceedings, trial and appellate." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (cleaned up); *see Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) ("We have repeatedly held that an actual controversy must exist not only at the

time the complaint is filed, but through all stages of the litigation.") (cleaned up). "A case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already,* 568 U.S. at 91 (cleaned up).

This appeal is moot because "it is impossible for [this Court] to grant any effectual relief whatever to the prevailing party." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (cleaned up). After the litigation stay was lifted, the bankruptcy court granted the U.S. Trustee's motion to dismiss, and the bankruptcy cases were dismissed. *See supra* 9-10. Because those cases were dismissed, any decision vacating the order lifting the stay would have no effect, and thus there is no relief that this Court could provide, rendering the appeal moot. *See* Br. 37 (Barton asking this Court to "[remand] with instructions that the bankruptcy cases remain stayed pending resolution of the receivership").

## II. Barton forfeited any challenge to the order lifting the stay of the bankruptcy cases.

Even if this Court has jurisdiction, Barton forfeited any challenge to the order lifting the litigation stay. Before the district court, Barton did not oppose the receiver's motion seeking to have the stay lifted, and

"arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *United States v. M/Y Galactica Star*, 13 F.4th 448, 457 & n.30 (5th Cir. 2021) (cleaned up). Having not challenged the lifting of the stay before the district court, Barton cannot do so before this Court.

## III. The district court did not abuse its discretion in lifting the stay of the bankruptcy cases.

Even if this Court has jurisdiction, and Barton has not waived any challenge to the appealed-from order, the district court did not abuse its discretion in lifting the litigation stay. The receiver asked the district court to lift the stay because the receiver had determined that the bankruptcy cases should be dismissed. The receiver reached this conclusion because, he argued, (1) for cause dismissal was justified, (2) the bankruptcy cases were unnecessary, and (3) the bankruptcy cases threatened to impose fees on the receivership. *See supra* 7-8. Particularly given Barton's lack of opposition, the district court properly exercised its discretion in lifting the stay so that the bankruptcy court could determine whether to dismiss the bankruptcy cases. On appeal, Barton offers three arguments, but none demonstrates an abuse of discretion by the district court.

1. Barton argues that "the district court lacked authority to lift the stay because the bankruptcy court ha[d] exclusive jurisdiction over the bankruptcy estates and their property." Br. 12-13, 15-20. But the district court's authority to impose—and to lift—the stay does not implicate the bankruptcy court's jurisdiction over the receivership entities that had filed bankruptcy cases.

"It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions," including "the power to enjoin other courts." *SEC v. Stanford Int'l Bank, Ltd.*, 424 F. App'x 338, 340-41 (5th Cir. 2011); *see SEC v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010) ("[D]istrict courts may issue anti-litigation injunctions barring bankruptcy filings as part of their broad equitable powers in the context of an SEC receivership."). "[C]ourts have recognized the importance of preserving a receivership court's ability to issue orders preventing interference with its administration of the receivership property." *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985); *see Zacarias v. Stanford Int'l Bank, Ltd.,* 945 F.3d 883, 902 (5th Cir. 2019) ("It was no abuse of discretion for the district court to enter the

bar orders to effectuate and preserve the coordinating function of the receivership.”).

Barton claims (Br. 17-18) that the district court’s appointment of a receiver over entities that had filed bankruptcy cases was improper. But Barton already appealed the current receivership order to challenge its scope, *see Barton II*, 135 F.4th at 220-23, and “a question that could have been but was not raised on one appeal cannot be resurrected on a later appeal to the same court in the same case,” *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 614 (5th Cir. 2015) (cleaned up).

In any event, Barton’s argument that a receiver cannot be appointed over an entity that is the subject of a bankruptcy proceeding is incorrect. He claims that such an appointment would violate the automatic stay of 11 U.S.C. § 362, but this Court, citing the automatic stay exception of 11 U.S.C. § 362(b)(4), has rejected that argument. *SEC v. First Financial Group of Texas,* 645 F.2d 429, 439 & n.16 (5th Cir. 1981); *see, e.g.*, *SEC v. Tyler*, No. 02-cv-282, 2002 WL 32538418, at *8 (N.D. Tex. Feb. 21, 2002) (holding that “despite the bankruptcy filing, it is still proper to appoint a receiver”); *see also* ROA.14814 (the district court concluding that the receivership order is “excepted from

the automatic stay provision pursuant to 11 U.S.C. § 362(b)(4)"). And Barton's reliance on 28 U.S.C. § 1334(e)(1) is similarly unavailing because that provision, which grants "*in rem* jurisdiction," *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 483 (5th Cir. 2024), does not restrict the district court's ability to appoint a receiver under its existing authority or deprive the district court of subject matter jurisdiction.

Moreover, the authority on which Barton relies is inapposite because (1) those cases do not implicate a district court's authority to lift its stay and (2) in some instances they do not contain the language that Barton purports to quote from them. *Compare* Br. 16 *with Byers*, 609 F.3d at 92; Br. 17 *with In re MCorp Financial*, 137 B.R. 219, 235 (Bankr. S.D. Tex. 1992). It is concerning that Barton's brief presents supposed quotations from judicial opinions that do not actually appear in those opinions.

Finally, even if correct, Barton's argument would fail to establish an abuse of discretion by the district court. There is a logical inconsistency with his argument: if he believes that the district court should not have extended the receivership to entities that filed

bankruptcy cases, it is not clear why he would believe it is improper for the district court to lift the receivership order's stay of the bankruptcy cases. Barton is left to argue that the lifting of the stay amounts to "a directed outcome—the district court has predetermined that the bankruptcy cases should be dismissed" (Br. 19) because the order authorizes the receiver to "take all steps that he deems appropriate and necessary to effectuate the dismissal of the Bankruptcy Cases" (ROA.19227). But the lifting of the stay left it to the bankruptcy court to decide whether the bankruptcy cases should be dismissed. And it was the bankruptcy court, not the district court, that dismissed them. *See supra* 7-10.

2. Barton next argues that "lifting the stay serve[d] no legitimate purpose." Br. 13, 21-27. But the lifting of the stay was necessary to permit the bankruptcy court to adjudicate the motion to dismiss the bankruptcy cases. *See supra* 7-8.

Barton also argues that lifting the stay "cause[d] irreparable harm" and "violate[d] due process" because it "force[d] creditors out of the structured bankruptcy process and into the less protective receivership process" and "extinguish[ed] creditors' and debtor's vested

rights without meaningful opportunity to be heard." Br. 13, 14, 25, 31-34. But those supposed harms are the result of the bankruptcy court's dismissal order—which terminated the bankruptcy cases—not the district court's order lifting the stay—which merely permitted the bankruptcy cases to proceed. Notably, Barton did not appeal from the bankruptcy court's dismissal order. *See supra* 9-10.

3. Finally, Barton argues that the receiver "is an interested party" and that "the receiver's motion [to lift the stay] was motivated by self-interest." Br. 13-14, 27-31. But Barton's speculation reflects a misunderstanding of the role of the receiver, who is the district court's "officer," *Porter v. Sabin*, 149 U.S. 473, 479 (1893), and Barton cannot overcome the "presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly." *Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co.*, 120 U.S. 141, 159 (1887). Moreover, the receiver sought to lift the stay to alleviate any burden of the bankruptcy cases on the receivership (*see supra* 7-8), and it is not improper for the receiver to be compensated for his work doing so. *See*, e.g., *SEC v. Elliott*, 953 F.2d 1560, 1576 (11th Cir. 1992) ("It is appropriate and obvious that a receiver will make

expenditures to maintain trust property. The court in equity may award the receiver fees from property securing a claim if the receiver's acts have benefitted that property.") (cleaned up).

## CONCLUSION

The appeal should be dismissed for lack of jurisdiction, or, if this Court concludes that it has jurisdiction, the district court order lifting the stay of the bankruptcy cases should be affirmed.

Respectfully submitted,

J. RUSSELL MCGRANAHAN
*General Counsel*

JEFFREY A. BERGER
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

March 13, 2026

## CERTIFICATE OF SERVICE AND FILING

I certify that on March 13, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. Service on appellant Timothy Barton and counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 13, 2026

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,724 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 13, 2026