**No. 25-11043**

---

# In the
# United States Court of Appeals for the Fifth Circuit

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee,*

v.

TIMOTHY BARTON,
*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-cv-02118-X

---

**APPELLANT'S REPLY BRIEF**

---

Timothy L. Barton
*Pro Se Appellant*
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

# CERTIFICATE OF INTERESTED PERSONS

## NO. 25-11043

SECURITIES AND EXCHANGE COMMISSION
*Plaintiff-Appellee,*
*v.*
*TIMOTHY BARTON,*
*Defendants-Appellants*

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. 126 Villita LLC, receivership entity
2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction
3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary injunction
4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction
5. 2999TC Acquisitions, LLC, receivership entity
6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction
7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction
8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction
10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction
11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction
12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction
13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction
14. 2999TC MM, LLC, entity subject to preliminary injunction
15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction
16. 3820 Illinois, LLC, interested party
17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC
18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.
19. Aledo TX, LLC, receivership entity
20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction
21. AVG West, LLC, receivership entity
22. Badgley, Serena, interested party
23. Bank of America, N.A., interested party
24. Barton, Maximilien, interested party
25. Barton, Timothy, defendant-appellant

26. Barton Texas Water District, LLC, entity subject to preliminary injunction
27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction
28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC
29. BEE2019, LLC, receivership entity
30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission
31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission
32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction
33. Bird, Douglas S., counsel for interested party City of Frisco, Texas
34. BM318 LLC, receivership entity
35. Broadview Holdings Trust, receivership entity
36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas
37. BSJ Trading, LLC, entity subject to preliminary injunction
38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC

39. BUILD VIOLET, LLC, entity subject to preliminary injunction
40. Butler Snow LLP, counsel for interested party Louisiana National Bank
41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley
42. Capps, Aaron T., counsel for interested party Circle H Contractors LP
43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP
44. Carnegie Development, LLC, defendant and receivership entity
45. Carnegie Finance, LLC, entity subject to preliminary injunction
46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas
47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia
48. Chandler Law PC, counsel for interested party Dhiraj Ramolia
49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia
50. Chapple, Ryan E., counsel for interested party Serena Badgley
51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC
52. Circle H Contractors LP, interested party
53. City of Frisco, Texas, interested party
54. Clem, David M., counsel for interested party Truist Bank
55. Condo Towers GP, LLC, entity subject to preliminary injunction
56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas

LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

57. Crow, Daniel, interested party

58. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

59. CYNKFP, LLC, entity subject to preliminary injunction

60. D4AT, LLC, entity subject to preliminary injunction

61. D4AVEG, LLC, entity subject to preliminary injunction

62. D4BM, LLC, entity subject to preliminary injunction

63. D4BR, LLC (Texas), entity subject to preliminary injunction

64. D4DS LLC, receivership entity

65. D4FR LLC, receivership entity

66. D4IN, LLC (Texas), receivership entity

67. D4KL LLC, receivership entity

68. D4MC, LLC (Texas), receivership entity

69. D4OP, LLC, receivership entity

70. D4OPM, LLC, entity subject to preliminary injunction

71. D4SMC, LLC, entity subject to preliminary injunction

72. D4WP, LLC, entity subject to preliminary injunction

73. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction

74. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction

75. Dallas Real Estate Management, LLC, entity subject to preliminary injunction

76. Dentons US LLP, counsel for interested party McCormick 101, LLC

77. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC

78. DJD Land Partners, LLC, relief defendant and receivership entity

79. DLP Real Estate Capital, Inc., interested party

80. DLP Winter Haven Ventures, LLC, interested party

81. Edney, Michael J., counsel for defendant-appellant Timothy Barton

82. Enoch Investments LLC, receivership entity

83. FHC Acquisition LLC, receivership entity

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission

85. First Development Company of Ohio, LLC, interested party

86. Five Star GM, LLC (Delaware), entity subject to preliminary injunction

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to

preliminary injunction

91. Fu, Haoqiang, defendant

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

93. Gillespie Villas LLC, receivership entity

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction

96. Goldmark Hospitality LLC, receivership entity

97. Green, Gordon W., counsel for interested party Truist Bank

98. Hale, Hon. Harlin, mediator

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall

101. Hicks, Jr., George W., counsel for interested party HNGH Turtle Creek, LLC

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission

103. HNGH Turtle Creek, LLC, interested party

104. Hopper, James F., counsel for receiver Cortney C. Thomas

105. HR Sterling, LLC, receivership entity

106. Hunter, Renee M., counsel for intervenor United States of America

107. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton

108. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction

109. JB Special Asset, LLC, entity subject to preliminary injunction

110. JMJ Acquisitions LLC, receivership entity

111. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction

112. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction

113. JMJ BLUES TX, LLC, entity subject to preliminary injunction

114. JMJ Blues, LLC, entity subject to preliminary injunction

115. JMJ Centre, LLC, entity subject to preliminary injunction

116. JMJ Development Brasil, LTDA, entity subject to preliminary injunction

117. JMJ Development Fund, entity subject to preliminary injunction

118. JMJ Development Fund, Inc, entity subject to preliminary injunction

119. JMJ Development LLC, receivership entity

120. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction

121. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction

122. JMJ Holdings, LLC, entity subject to preliminary injunction

123. JMJ Holdings US, LLC, entity subject to preliminary injunction

124. JMJ Holdings USA, Inc, entity subject to preliminary injunction

125. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction

126. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction

127. JMJ Hospitality, LLC, receivership entity

128. JMJ Hospitality UAE, entity subject to preliminary injunction

129. JMJ Investments Limited, entity subject to preliminary injunction

130. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction

131. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction

132. JMJ Land Venture, LLC, entity subject to preliminary injunction

133. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction

134. JMJ MF Development, LLC, entity subject to preliminary injunction

135. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction

136. JMJ Offshore, LTD, entity subject to preliminary injunction

137. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction

138. JMJ Residential, LLC, entity subject to preliminary injunction

139. JMJ Valley Center, LLC, entity subject to preliminary injunction

140. JMJ VC Management, LLC, receivership entity

141. JMJAV, LLC, receivership entity

142. JMJ148, LLC (Texas), entity subject to preliminary injunction

143. JMJD4, LLC, entity subject to preliminary injunction

144. JMJD4, LLC (Delaware), receivership entity

145. JMJD4Allensville, LLC, entity subject to preliminary injunction

146. JMJDWG, LLC (Texas), entity subject to preliminary injunction

147. JMJKH, LLC, entity subject to preliminary injunction

148. JMR100 LLC, receivership entity

149. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall

150. Johnston, Kenneth C., counsel for interested party Truist Bank

151. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank

152. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC

153. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC

154. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

155. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek,

LLC

156. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC

157. Koonce, Charlene C., counsel for receiver Cortney C. Thomas

158. LaJolla Construction Management LLC, receivership entity

159. LC Aledo TX, LLC, receivership entity

160. LDG001, LLC, relief defendant and receivership entity

161. Lesser, Joshua A., counsel for interested party Bank of America, N.A.

162. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

163. Louisiana National Bank, interested party

164. Lumar Land & Cattle, LLC, interested party

165. Lynco Ventures, LLC, receivership entity

166. Lynn Investments, LLC, entity subject to preliminary injunction

167. Mansion Apartment Homes at Marine Creek, LLC, receivership entity

168. Marine Creek SP, LLC, receivership entity

169. Marine Creek Ventures, LLC, interested party

170. McCormick 101, LLC, interested party

171. MCFW, LLC, entity subject to preliminary injunction

172. MCRS2019, LLC (Texas), entity subject to preliminary injunction

173. MF Container, LLC (Delaware), entity subject to preliminary injunction

174. MFO Venus Development, LLC, interested party

175. Middlebury Trust, entity subject to preliminary injunction

176. MMCYN, LLC, entity subject to preliminary injunction

177. MO 2999TC, LLC, receivership entity

178. Moeller, Evan A., counsel for interested party Bank of America, N.A.

179. Moss & Associates, LLC, interested party

180. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation

181. MV9490 Land Lot, LLC, entity subject to preliminary injunction

182. MV9490 Management, LLC, entity subject to preliminary injunction

183. MV9490, LLC, entity subject to preliminary injunction

184. MXBA, LLC, entity subject to preliminary injunction

185. MXBA Managed, LLC, entity subject to preliminary injunction

186. MXBA Services, LLC, entity subject to preliminary injunction

187. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC

188. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC

189. Nicholson, Jill L., counsel for interested party McCormick 101, LLC

190. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.

191. Northstar 114, LLC (Delaware), entity subject to preliminary injunction

192. Northstar PM, LLC (Delaware), receivership entity

193. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

194. O'Connell, Sean B., counsel for defendant-appellant Timothy Barton

195. One Agent Texas, LLC (Texas), entity subject to preliminary injunction

196. One Agent, LLC (Delaware), entity subject to preliminary injunction

197. ONE FHC, LLC (Texas), entity subject to preliminary injunction

198. One MF Residential, LLC, entity subject to preliminary injunction

199. One MFD4, LLC, entity subject to preliminary injunction

200. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction

201. One RL Trust, entity subject to preliminary injunction

202. One SF Residential, LLC, entity subject to preliminary injunction

203. Orchard Farms Ventures, LLC, interested party

204. Orchard Farms Village LLC, receivership entity

205. Palisades-TC, LLC, interested party

206. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC

207. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

208. Perry, Deborah M., counsel for interested party The Dixon Water Foundation

209. Pioneer Finance, Inc., interested party

210. Polsinelli PC, counsel for interested party McCormick 101, LLC

211. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

212. Ramolia, Dhiraj, interested party

213. Ranis, Ethan J., counsel for interested party City of Frisco, Texas

214. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction

215. Rhino Stainless US, LLC, entity subject to preliminary injunction

216. Ridgeview Addition, LLC (Texas), receivership entity

217. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction
218. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction
219. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction
220. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction
221. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction
222. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction
223. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction
224. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation
225. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio
226. Scott, John B., counsel for interested party Pioneer Finance, Inc.
227. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.
228. Scheff & Stone, L.L.P., counsel interested party Texas Republic Bank, N.A.
229. Schurr, Patrick J., counsel for interested party Texas Republic Bank, N.A.

230. Seagoville Farms, LLC, receivership entity

231. Securities and Exchange Commission, plaintiff-appellee

232. SF Rock Creek, LLC, receivership entity

233. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.

234. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.

235. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia

236. SK Carnegie, LLC, entity subject to preliminary injunction

237. Slim, Jules P., counsel for defendant-appellant Timothy Barton

238. Somerset-Lost Creek Golf, Ltd., interested party

239. Southern Properties Capital, Ltd., interested party

240. Southern Star Capital, LLC, interested party

241. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

242. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

243. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.)

244. Sosland, Martin A., counsel for interested party Louisiana National Bank

245. STL Park, LLC (Delaware), entity subject to preliminary injunction

246. Tamamoi, LLC, interested party

247. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction

248. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction

249. Taylor, Clay M., counsel for interested party McCormick 101, LLC

250. TC Hall, LLC, receivership entity

251. Texas Republic Bank, N.A., interested party

252. The Dixon Water Foundation, interested party

253. The MXBA Trust, entity subject to preliminary injunction

254. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction

255. The Towers Condominium Partners Ltd, entity subject to preliminary injunction

256. Thomas, Cortney C., receiver

257. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC

258. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC

259. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity

260. TLB 2012 IRR Trust, entity subject to preliminary injunction

261. TLB 2018 Trust, entity subject to preliminary injunction

262. TLB 2019 Trust, entity subject to preliminary injunction

263. TLB 2020 Trust, entity subject to preliminary injunction

264. TRTX Properties LLC, entity subject to preliminary injunction

265. Truist Bank, interested party

266. TRWF LODGE, LLC, entity subject to preliminary injunction

267. TRWF, LLC, entity subject to preliminary injunction

268. United States of America, intervenor

269. Venus59 LLC, receivership entity

270. VenusBK195, LLC (Texas), entity subject to preliminary injunction

271. VenusPark201, LLC (Delaware), entity subject to preliminary injunction

272. Vertical Street Ventures, LLC, interested party

273. Villita Development, LLC, receivership entity

274. Villita Towers LLC, receivership entity

275. Wall, Stephen T., defendant

276. Wall007, LLC, defendant and receivership entity

277. Wall009, LLC, defendant and receivership entity

278. Wall010, LLC, defendant and receivership entity

279. Wall011, LLC, defendant and receivership entity

280. Wall012, LLC, defendant and receivership entity

281. Wall016, LLC, defendant and receivership entity

282. Wall017, LLC, defendant and receivership entity

283. Wall018, LLC, defendant and receivership entity

284. Wall019, LLC, defendant and receivership entity

285. Wells, Tim, counsel for receiver Cortney C. Thomas

286. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC

287. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

288. WRL2019, LLC (Texas), receivership entity.

The undersigned counsel certifies that the above list includes all persons, associations of persons, firms, partnerships, or corporations that have a financial interest in the outcome of this appeal as required by Fifth Circuit Rule 28.2.1.

*<u>/s/ Timothy L. Barton</u>*
Timothy L. Barton
*Pro Se Appellant*
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

Date: April 2, 2026

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................. ii

TABLE OF AUTHORITIES ................................................................ xxii

INTRODUCTION ..............................................................................1

ARGUMENT ......................................................................................2

I. THE SEC'S MOOTNESS ARGUMENT FAILS BECAUSE THIS COURT CAN GRANT EFFECTIVE RELIEF. ...................................................2

II. BARTON DID NOT FORFEIT HIS CHALLENGE — SUBJECT-MATTER JURISDICTION CANNOT BE WAIVED. ..........................................4

III. THIS COURT HAS APPELLATE JURISDICTION OVER THIS APPEAL. .........................................................................................6

IV. THE DISTRICT COURT EXCEEDED ITS AUTHORITY UNDER 28 U.S.C. § 1334(e). .............................................................................7

V. THE SEC'S MISREPRESENTATIONS AND CONCLUSORY ASSERTIONS CANNOT RESCUE A LEGALLY DEFICIENT BRIEF. .........11

VI. THE PROPER STANDARD OF REVIEW IS DE NOVO. .........................14

CONCLUSION .................................................................................15

# TABLE OF AUTHORITIES

## Cases

Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) ....... 3

Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ....... 4

Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) ....... 10

Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) ....... 4

In re Gandy, 299 F.3d 489, 495-96 (5th Cir. 2002) ....... 10

In re MCorp Financial, Inc., 137 B.R. 219 (Bankr. S.D. Tex. 1992) ....... 11

MCorp Financial, Inc. v. Board of Governors of the Federal Reserve System, 900 F.2d 852, 856 (5th Cir. 1990) ....... 12

SEC v. Byers, 609 F.3d 87 (2d Cir. 2010) ....... 11

SEC v. First Financial Group of Texas, 645 F.2d 429 (5th Cir. 1981) ....... 8

Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94–95 (1998) ....... 4

## Statutes

11 U.S.C. § 362(b)(4) ....... 8, 9

28 U.S.C. § 1292(a)(1), ....... 1, 6

28 U.S.C. § 1292(a)(2), ....... 1, 6

28 U.S.C. § 1334(d) ....... 12

28 U.S.C. § 1334(e) ....... passim

# INTRODUCTION

The SEC's Appellee Brief raises three threshold arguments — mootness, forfeiture, and lack of jurisdiction — and then addresses the merits. None of these arguments withstands scrutiny. The SEC's brief is replete with conclusory assertions unaccompanied by analysis and, in at least one critical instance, presents a factual misrepresentation that itself illustrates the overreach that permeates this case.

The central issue in this appeal remains: the bankruptcy court acquired exclusive jurisdiction over the Wall LLC entities on August 19, 2022 — more than a month before the SEC filed its complaint and two months before any receiver was appointed. That exclusive jurisdiction, vested by 28 U.S.C. § 1334(e), cannot be divested by a receivership order, an order lifting a litigation stay, or any other procedural device. The district court's July 28, 2025 order, which authorized the receiver to "take all steps . . . necessary to effectuate the dismissal" of the bankruptcy cases, exceeded the district court's authority and must be vacated.

As explained below, (1) the appeal is not moot because reinstatement of the bankruptcy cases is available relief; (2) subject-matter jurisdiction cannot be forfeited; (3) this Court has jurisdiction under § 1292(a)(1), § 1292(a)(2) , and the collateral-order doctrine; (4) the district court lacked authority to direct the outcome of bankruptcy proceedings; and (5) the SEC's attempt to deflect from the merits through mischaracterization and conclusory argument fails.

# ARGUMENT

## I. THE SEC'S MOOTNESS ARGUMENT FAILS BECAUSE THIS COURT CAN GRANT EFFECTIVE RELIEF.

The SEC argues that this appeal is moot because "following the lifting of the stay, the bankruptcy court dismissed the bankruptcy cases." SEC Br. at 17-18. This argument is legally incorrect and factually misleading.

### *A. Reinstatement of the Dismissed Bankruptcy Cases Is Available Relief.*

The SEC asserts that "any decision vacating the order lifting the stay would have no effect." SEC Br. at 18. That is wrong. A dismissal of a bankruptcy case does not render an appeal from the order that precipitated the dismissal moot, because the reviewing court may order reinstatement. Bankruptcy courts have the inherent authority to reinstate dismissed cases, particularly where the dismissal resulted from a procedural error or jurisdictional overreach.

Barton sought exactly such relief. On October 6, 2025, Barton filed a motion asking the bankruptcy court to reinstate the cases. The bankruptcy court dismissed that motion without prejudice on procedural grounds — not on the merits. See Dkt. 44 (Bankr. E.D. Tex. Oct. 21, 2025). The SEC omits any discussion of the substance of Barton's reinstatement motion and the fact that the dismissal was procedural, not substantive, which obscures the reality that the dismissal was not a final adjudication on whether reinstatement is appropriate.

If this Court vacates the district court's July 28, 2025 order, the remedy flows naturally: the lifting of the stay was improper, the receiver lacked authority to effectuate dismissal, and the bankruptcy court's dismissal — premised on the receiver's authority derived from that improper order — should be set aside. The "agreed order" dismissing the bankruptcy cases was never agreed to by Barton. The SEC's characterization of the dismissal as "agreed" is therefore misleading.

***B. The Voluntary Cessation Doctrine Applies.***

To the extent the SEC argues that dismissal of the bankruptcy cases renders this appeal moot, that argument is foreclosed by the principle that a party cannot manufacture mootness through its own actions. The receiver, acting at the direction of the district court, secured the dismissal of the bankruptcy cases after the appeal was filed. A party "cannot automatically moot a case by the voluntary cessation of its challenged conduct." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013). The heavy burden to demonstrate mootness by voluntary cessation rests on the SEC, and it has not met that burden.

***C. The SEC's Mootness Argument Is Conclusory.***

The SEC states without analysis that there is "no relief that this Court could provide." SEC Br. at 18. This is a conclusory assertion. The SEC never engages with the possibility of reinstatement, does not analyse the bankruptcy court's

authority to reinstate dismissed cases, and does not address whether the "agreed" dismissal can be vacated if its predicate order is reversed. The conclusory nature of this argument is fatal to the SEC's mootness claim.

## II. BARTON DID NOT FORFEIT HIS CHALLENGE — SUBJECT-MATTER JURISDICTION CANNOT BE WAIVED.

The SEC argues that "Barton forfeited any challenge to the order lifting the stay because he did not oppose the receiver's motion." SEC Br. at 18-19. This argument fails for two independent reasons.

### *A. Subject-Matter Jurisdiction Cannot Be Forfeited.*

The foundational challenge in this appeal is that the district court lacked subject-matter jurisdiction to authorize the receiver to effectuate dismissal of bankruptcy cases over which the bankruptcy court had exclusive jurisdiction under 28 U.S.C. § 1334(e). Subject-matter jurisdiction is not waivable. It may be raised at any time, including for the first time on appeal, and courts are obligated to raise it sua sponte. See *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94–95 (1998); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). A party cannot forfeit the right to challenge a void order. Because the district court's order was entered in excess of its jurisdiction, it is void, and no amount of acquiescence can cure that defect.

The SEC never engages with this principle. Its forfeiture argument assumes that the challenge is to the exercise of a discretionary power that required a contemporaneous objection to preserve. But the challenge here is fundamentally different: it is a challenge to the existence of the district court's power to enter the order at all. That challenge cannot be forfeited.

### *B. Barton Had Standing to Challenge the Lift-Stay Motion and Possessed Multiple Procedural Avenues to Object.*

The receiver's motion to lift the stay was filed in the district court within the civil SEC enforcement action—a proceeding in which Barton is a named party and over which the court exercises continuing jurisdiction. As a defendant in that action, Barton had every right to be heard on motions that directly implicated his property interests and substantive rights. His status as former controller of the Wall LLC entities does not diminish his standing; to the contrary, his direct financial stake in the assets at issue and his exposure to the relief sought confer precisely the kind of concrete, particularized injury that Article III demands.

Moreover, as a pro se litigant, Barton is entitled to liberal construction of his pleadings. The Fifth Circuit has consistently held that pro se parties should not be penalized for procedural imperfections that cause no prejudice to the opposing party. To the extent the SEC argues that any procedural deficiency forfeits Barton's right to challenge the order on appeal, it identifies no prejudice whatsoever—because none exists.

## III. THIS COURT HAS APPELLATE JURISDICTION OVER THIS APPEAL.

The SEC argues at length that neither 28 U.S.C. § 1292(a)(1), § 1292(a)(2), nor the collateral-order doctrine provides jurisdiction. Each argument is addressed in turn.

### *A. Section 1292(a)(1) Provides Jurisdiction Because the Order Modified an Injunction.*

The receivership order contains a sweeping litigation stay — an injunction — that prohibited all civil proceedings against receivership entities. ROA.14830-31. The district court's July 28, 2025 order materially modified that injunction by lifting the stay for the purpose of allowing the bankruptcy cases to proceed toward dismissal. A modification of an existing injunction is itself an injunctive order subject to § 1292(a)(1) jurisdiction. The SEC does not seriously contest that the stay in the receivership order constitutes an injunction. Its argument — that receivership-related orders are governed exclusively by § 1292(a)(2) — does not hold in circumstances where the order at issue is, in substance, the modification of an injunction.

### *B. Section 1292(a)(2) Provides Jurisdiction.*

The SEC argues that § 1292(a)(2) does not apply because the order was "administrative" and was not an order "refusing to take steps to accomplish the purposes of winding up" the receivership. But this characterization is backwards. The order did more than merely administer the receivership — it effectuated a

major step in winding up the receivership by eliminating ten bankruptcy cases that involved receivership entities. Authorizing the receiver to "take all steps . . . necessary to effectuate the dismissal" of those cases is precisely the kind of order that decides "steps to accomplish the purposes of winding up" a receivership.

### *C. The Collateral-Order Doctrine Provides Jurisdiction.*

The SEC argues that the order did not "conclusively determine" a disputed question. SEC Br. at 14-15. But the order did conclusively determine the forum — bankruptcy court vs. receivership — for the administration of the Wall LLC estates. That determination is not reviewable after final judgment in the civil enforcement action: once the bankruptcy cases are dismissed, the bankruptcy forum is gone. That is precisely the kind of irreversible loss of rights that the collateral-order doctrine is designed to protect against.

The SEC's reliance on the fact that the bankruptcy court's dismissal was subject to further review, see SEC Br. at 15, misses the point. The order at issue — lifting the stay and authorizing dismissal — was the predicate for everything that followed. Whether the downstream proceedings were reviewable does not render the upstream order non-final for collateral-order purposes.

## IV. THE DISTRICT COURT EXCEEDED ITS AUTHORITY UNDER 28 U.S.C. § 1334(e).

On the merits, the SEC offers three responses to Barton's arguments. None is persuasive.

***A. The SEC's Reliance on the Law-of-the-Case Doctrine Is Misplaced.***

The SEC argues that Barton's § 1334(e) argument is precluded by Barton II because "a question that could have been but was not raised on one appeal cannot be resurrected on a later appeal." SEC Br. at 21. But Barton is not resurrecting a question that was already decided. Barton II addressed whether the receivership order was appropriate given the SEC's allegations and the Fifth Circuit's legal standard. It did not address — and could not have addressed — whether the receivership court's subsequent order directing the elimination of the bankruptcy cases exceeded the district court's jurisdiction under § 1334(e). That question was not presented in Barton II and is properly presented here.

***B. The § 362(b)(4) Exception Does Not Authorize the Order At Issue.***

The SEC argues that the Fifth Circuit's decision in *SEC v. First Financial Group of Texas,* 645 F.2d 429 (5th Cir. 1981), held that § 362(b)(4)'s exception to the automatic stay permits appointment of a receiver over entities in bankruptcy. Even if that argument were correct with respect to the initial appointment of the receiver, it does not justify the July 28, 2025 order. The issue is whether the district court could subsequently direct the receiver to effectuate the dismissal of the bankruptcy

cases. Section 362(b)(4) exempts governmental entities from the automatic stay for regulatory enforcement purposes. It does not grant the district court authority to direct the elimination of bankruptcy proceedings over which the bankruptcy court has exclusive jurisdiction under § 1334(e).

***C. The Order Was Not Neutral — It Directed a Predetermined Outcome.***

The SEC protests that "the lifting of the stay left it to the bankruptcy court to decide whether the bankruptcy cases should be dismissed." SEC Br. at 22-23. That characterization is refuted by the text of the order itself. The order authorized the receiver to "take all steps that he deems appropriate and necessary to effectuate the dismissal" of the bankruptcy cases. ROA.19227-28 (emphasis added). The order does not authorize the receiver to appear in the bankruptcy court and let that court decide whether dismissal is warranted. It authorizes the receiver to *effectuate* dismissal—a predetermined outcome. This is not a neutral lifting of the stay. It is a direction to achieve a specific result.

The SEC also argues that the receiver's motion was legitimate because it sought to save the receivership estate from the cost of participating in the bankruptcy cases. SEC Br. at 23-25. But this inverts the analysis. The question is not whether dismissal of the bankruptcy cases might be convenient for the receiver—it is whether the district court had authority to direct that outcome over proceedings

governed by the exclusive jurisdiction of the bankruptcy court. The stay being in place costs the receivership estate nothing.

More fundamentally, the receiver's action contravenes his own mandate. The receivership order charges the receiver with preserving and protecting the assets of the estate and maintaining the status quo. Dismantling active bankruptcy cases—proceedings specifically designed to marshal assets, adjudicate claims, and maximize recoveries for creditors—is the opposite of maintaining the status quo. It is an affirmative disruption of a functioning legal process.

The bankruptcy cases were not idle or burdensome proceedings. They provided a viable, documented, and statutorily efficient mechanism for collecting on the debtors' claims and distributing assets to creditors in an orderly fashion. Congress specifically vested bankruptcy courts with exclusive jurisdiction over debtors' estates under 28 U.S.C. § 1334(e) and established the Bankruptcy Code as the comprehensive framework for claims resolution precisely because centralized, judicially supervised administration is more efficient than piecemeal liquidation. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (the bankruptcy system is designed to provide a "centralized" forum for the "efficient" resolution of all claims against the debtor's estate); *In re Gandy*, 299 F.3d 489, 495-96 (5th Cir. 2002) (recognizing the bankruptcy court's superior competence over matters involving the administration of the debtor's estate). The receiver's action did not

protect the estate—it cut off the very process Congress designed to protect creditors and maximize recoveries.

The SEC cannot have it both ways. It cannot argue that the receiver should be relieved of the cost of bankruptcy participation while simultaneously claiming that the receivership—which lacks the Bankruptcy Code's statutory machinery for claims allowance, priority, and distribution—will somehow achieve a better result for creditors. The bankruptcy court was the appropriate and most efficient forum, and the receiver's obligation was to work within that framework, not to destroy it.

## V. THE SEC'S MISREPRESENTATIONS AND CONCLUSORY ASSERTIONS CANNOT RESCUE A LEGALLY DEFICIENT BRIEF.

Appellant is compelled to address a particularly troubling feature of the SEC's brief: its accusation that Barton's opening brief "presents supposed quotations from judicial opinions that do not actually appear in those opinions." SEC Br. at 22.

### *A. The Opening Brief's Citations, Though Imprecisely Worded, Rest on Sound Statutory and Fifth Circuit Authority That the SEC Does Not Refute.*

The SEC devotes a paragraph to asserting that Appellant's Opening Brief attributed language to *SEC v. Byers,* 609 F.3d 87 (2d Cir. 2010) and *In re MCorp Financial, Inc.,* 137 B.R. 219 (Bankr. S.D. Tex. 1992) that does not appear verbatim in those opinions. SEC Br. at 22. To the extent the Opening Brief's phrasing departed from the precise language of those cases, that imprecision is immaterial, because the governing legal authority requires no paraphrase at all. The statute speaks for itself.

28 U.S.C. § 1334(e) provides in mandatory terms: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction — (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." (Emphasis added.) There is nothing to paraphrase. The word "exclusive" means what it says.

The Fifth Circuit has recognized this exclusive jurisdiction framework. *In MCorp Financial, Inc. v. Board of Governors of the Federal Reserve System,* 900 F.2d 852, 856 (5th Cir. 1990) — a Fifth Circuit precedent, not the bankruptcy court decision cited in the Opening Brief — the court quoted § 1334(d) (the predecessor, renumbered as § 1334(e)) and analysed its exclusivity in the context of competing federal proceedings over a debtor's estate. That case is binding Fifth Circuit authority. It does not require any secondary-source paraphrase.

The SEC's accusation therefore proves nothing of consequence. The underlying proposition — that the bankruptcy court acquired exclusive jurisdiction over the Wall LLC estates upon the filing of the bankruptcy petitions in August 2022 — rests on the unambiguous text of 28 U.S.C. § 1334(e) and Fifth Circuit precedent. The SEC never argues that § 1334(e) does not say what it says.

### ***B. The SEC Makes Numerous Conclusory Statements That Cannot Bear the Weight Assigned to Them.***

Throughout its brief, the SEC relies on conclusory assertions in lieu of legal analysis. The following examples are illustrative:

**1.** "The issues presented are controlled by settled law." SEC Br. at xxi. The SEC offers this statement as a reason to deny oral argument, but never identifies the specific settled law that controls the § 1334(e) exclusive jurisdiction argument. That question — whether a district court receivership can supersede the exclusive bankruptcy jurisdiction of the bankruptcy court over cases filed before the SEC complaint — is not "settled" in the Fifth Circuit.

**2.** "None [of the jurisdictional provisions] provides jurisdiction for this interlocutory appeal." SEC Br. at 11. The SEC recites this conclusion without providing a coherent legal framework for why an order that effectively eliminates ten bankruptcy cases is not the kind of consequential receivership order that warrants interlocutory review.

**3.** "Barton provides no reason to disregard the Supreme Court's warning against unwarranted judicial expansion of the collateral-order doctrine's reach." SEC Br. at 17. This is a strawman. Barton does not seek to expand the doctrine — he seeks to apply it to circumstances (loss of an exclusive federal forum) that closely resemble the cases in which it has been applied.

**4.** "The district court did not abuse its discretion." SEC Br. at 19 (section heading). This heading states a conclusion, not an argument. The SEC never addresses the fundamental premise: that where a court lacks jurisdiction, there can be no discretion to abuse. An order entered without jurisdiction is void, not merely erroneous.

**5.** "Those supposed harms are the result of the bankruptcy court's dismissal order — which terminated the bankruptcy cases — not the district court's order lifting the stay — which merely permitted the bankruptcy cases to proceed." SEC Br. at 24. This argument is illogical. The bankruptcy court dismissed the cases because the district court authorized the receiver to effectuate their dismissal. The causal chain runs directly from the district court's order to the harm. The SEC's attempt to sever that causal chain is not analysis — it is word games.

## VI. THE PROPER STANDARD OF REVIEW IS DE NOVO.

The SEC insists on abuse-of-discretion review. SEC Br. at 10. But the primary challenge in this appeal is jurisdictional — whether the district court had authority to enter an order directing the elimination of bankruptcy cases over which the bankruptcy court had exclusive jurisdiction under § 1334(e).

The SEC cannot transform a jurisdictional challenge into a discretionary ruling by characterizing the order as an exercise of "equity receivership" powers. If the

district court lacked subject-matter jurisdiction to enter the order, no amount of equitable discretion can save it. The abuse-of-discretion standard applies only if the district court first had authority to act. Here, it did not.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Appellant's Opening Brief, this Court should:

1. VACATE the district court's July 28, 2025 order;
2. REMAND with instructions that the bankruptcy cases remain stayed pending resolution of the receivership, with the bankruptcy court retaining exclusive jurisdiction under 28 U.S.C. § 1334(e) to determine all matters concerning those estates; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 2, 2026

*/s/ Timothy L. Barton*
Timothy L. Barton
Pro Se Appellant
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2026, I electronically filed the foregoing Appellant's Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,249 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2.

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/ Timothy L. Barton*
**Timothy L. Barton**