Timothy Barton
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Pro Se

April 15, 2026

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 25-11043 — Response to Appellee's Rule 28(j) Letter

Dear Ms. Cayce,

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Timothy Barton responds to the Commission's letter of March 31, 2026, citing *SEC v. Barton*, No. 24-10788, 2026 WL 821413 (5th Cir. Mar. 25, 2026), and the denial of certiorari in No. 25-465.

**First**, the opinion in No. 24-10788 does not control this appeal. That decision addressed jurisdiction over property-sale approvals and settlement ratifications—orders the panel classified as "non-sale administrative orders related to the receivership." *Id.* at *3–4 and the defendant is actively pursuing for the rehearing consideration. The order on appeal here is categorically different. It lifts the district court's own stay and authorizes the receiver to seek *dismissal* of independent bankruptcy proceedings filed by receivership entities. Once those cases are dismissed, creditor rights under 11 U.S.C. § 362 and § 1141 are permanently extinguished, the bankruptcy court's exclusive jurisdiction under 28 U.S.C. § 1334(e) is terminated, and the bankruptcy estates cease to exist. That consequence is *irreversible*—no later appeal from a final judgment in the SEC enforcement action can restore those rights or proceedings. The stay-lift

order thus possesses the same finality that supports collateral-order jurisdiction over sale orders. *See Barton II*, 135 F.4th at 224–25.

Neither *Barton II* nor the No. 24-10788 opinion addressed whether a stay-lift order directing dismissal of bankruptcy cases qualifies for interlocutory review. Law of the case does not foreclose a "materially different" legal question never decided by a prior panel. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). The footnote 8 sanctions warning is expressly limited to "further appeals from … non-sale administrative orders" and is actively being contested based on the constitutional rights of defendant and due process; this order is not one.

**Second**, the denial of certiorari in No. 25-465 is legally irrelevant to this appeal (rehearing petition is under process). That petition challenged the underlying receivership order—a different order raising different issues. A denial of certiorari carries no precedential weight and does not foreclose challenges to subsequent orders. *See Teague v. Lane*, 489 U.S. 288, 296 (1989).

Respectfully submitted,

*/s/ Timothy Barton*
Timothy Barton, Pro Se
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007

cc: Ezekiel L. Hill, Securities and Exchange Commission (via ECF)